UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:

Carolina N. Mallon
and other similarly situated individuals,

      Plaintiff(s),

v.

Hospice of St. Francis, Inc.

      Defendant,

_____/

## <u>COLLECTIVE ACTION COMPLAINT</u>
(OPT-IN PURSUANT TO 29 USC § 216(b))

Comes now the Plaintiff Carolina N. Mallon, and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendant Hospice of St. Francis, Inc., and alleges:

<u>Jurisdiction Venues and Parties</u>

1. This is an action to recover money damages for unpaid overtime wages and retaliation under the United States laws. Accordingly, this Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 USC § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff Carolina N. Mallon is a resident of Brevard County, Florida, within the jurisdiction of this Court. Plaintiff is a covered employee for purposes of the Act.

3. Defendant Hospice of St. Francis, Inc. (from now on Hospice of St. Francis, or Defendant) is a Florida Not for Profit Corporation, having a business in Brevard County, Florida, where Plaintiff worked for Defendant.

4. Defendant Hospice of St. Francis was the Employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)].

5. All the actions raised in this complaint took place in Brevard County, Florida, within this Court's jurisdiction.

<u>General Allegations</u>

6. This cause of action is brought by Plaintiff Carolina N. Mallon as a collective action to recover from Defendant overtime compensation, retaliatory damages, liquidated damages, costs, and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or

after April 2019, (the "material time") without being adequately compensated.

7.  Defendant Hospice of St. Francis is a Non-Profit organization dedicated to providing palliative and hospice care for people affected with severe illness. Hospice Of St. Francis is located at 1250 Grumman Place, Titusville, FL 32780, where Plaintiff worked.

8.  Defendant HOSPICE OF ST. FRANCIS employed Plaintiff Carolina N. Mallon as a non-exempted, full-time, hourly employee from approximately April 15, 2019, to September 17, 2021, or 126 weeks.

9.  Plaintiff was hired as a bookkeeper and account payable specialist. Plaintiff had a wage rate of $25.00 an hour.

10. Plaintiff worked under the supervision of managers Candance Spurlock and Amber Welch.

11. While employed by Defendant, Plaintiff worked many overtime hours that were not compensated adequately. Plaintiff was paid for 40 regular hours and sometimes a few overtime hours, but at her regular rate. The remaining hours were not paid at any rate, not even at the minimum wage rate, as required by law.

12. Plaintiff had a regular schedule, and she worked as follows:

13. 1. From April 15, 2019, to March 31, 2020, or 50 weeks

Plaintiff had a regular schedule and she 5 days per week.  From Monday to Thursday, Plaintiff worked from 7:00 AM to 5:30 PM (10.5 hours each day). On Fridays, she worked from 8:00 AM to 4:30 PM (8.5 hours). Plaintiff worked a total of 50.5 hours every week.

14. In addition, twice per month, Plaintiff worked an average of 2 hours on Saturdays. Thus, in this period, Plaintiff worked 25 Saturdays with a total of 50 hours that constitute additional unpaid overtime hours.

15. <u>2. From April 01, 2020, to February 28, 2021, or 48 weeks</u>

Plaintiff worked 5 days per week, from Monday to Friday, from 6:00 AM to 6:00 PM (12 hours daily). Plaintiff worked a total of 60 hours every week.

16. In addition, twice per month, Plaintiff worked an average of 3 hours on Saturdays. Thus, in this period, Plaintiff worked 24 Saturdays with a total of 72 hours that constitute additional unpaid overtime hours.

17. <u>3. From March 01, 2021, to September 17, 2021, or 28 weeks</u>

Plaintiff worked 5 days per week, from Monday to Friday, from 7:00 AM to 5:30 PM (10.5 hours). Plaintiff worked a total of 52.5 hours every week.

18. In addition, twice per month, Plaintiff worked an average of 2 hours on Saturdays. Thus, in this period, Plaintiff worked 24 Saturdays with a total of 48 hours that constitute additional unpaid overtime hours.

19. During all her time of employment with Defendant, Plaintiff was not able to take bonafide lunchtime breaks.

20. Plaintiff always worked more than 40 hours per week, but she was not paid for overtime hours.

21. Plaintiff clocked in and out, and Defendant could track the number of hours worked by Plaintiff and other similarly situated individuals. When the pandemic began in 2020, Plaintiff worked many hours from home, but she worked at the office too. When possible, Plaintiff always clocked in and out, and Defendant was in complete control of Plaintiff's schedule and activities. Defendant's management knew about Plaintiff's number of working hours.

22. Therefore, Defendant willfully failed to pay Plaintiff regular and overtime hours at the rate of time and one-half her regular rate for every hour that they worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

23. Plaintiff was paid bi-weekly by direct deposits, with paystubs that did not show the number of days and hours worked. Plaintiff did not have access to check the number of hours worked weekly.

24. Plaintiff complained several times to her managers about working too many hours without overtime pay.

25. More recently, on or about September 01, 2021, Plaintiff complained to H.R Angie Avilez and manager Amber Welch. Plaintiff was told that they were trying to fix the problem to avoid the need for overtime hours.

26. However, as a result of Plaintiff's complaints on or about September 17, 2021, Defendant fired Plaintiff, alleging pretextual reasons.

27. On or about September 17, 2021, Plaintiff was fired due to her complaints about unpaid overtime hours and discriminatory reasons.  Plaintiff is in the process of filing her Charge of Discrimination with the U.S. Equal Employment Opportunity Commission, EEOC.

28. Plaintiff is not in possession of time records, but she will provide a good faith estimate about her unpaid overtime hours.

29. Plaintiff CAROLINA N. MALLON seeks to recover unpaid overtime wages for every hour worked over 40 during her entire employment, retaliatory damages, liquidated damages, and any other relief as allowable by law.

<u>Collective Action Allegations</u>

30. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

31. Plaintiff contends that Defendant, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated

individuals the proper compensation for overtime hours at the rate of time and one-half their regular rate.

32. This action is intended to include every bookkeeper, office clerk, and any similarly situated individuals who worked for Defendant at any time during the past three (3) years.

**COUNT I:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**
**FAILURE TO PAY OVERTIME**

33. Plaintiff Carolina N. Mallon re-adopts every factual allegation stated in paragraphs 1-32 above as if set out in full herein.

34. Defendant, HOSPICE OF ST. FRANCIS was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r)(1),(2) (A), and 203(s)(1)(A). Defendant is an institution engaged in the care of the sick, aged, who reside in the premises of the institution. Defendant's activities are connected to a public agency. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions by ordering product and supplies produced out of State. Upon information and belief, the annual gross revenue of the Employer/Defendant was always material

hereto more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

35. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff was a bookkeeper and account payable specialist engaged directly in paying out-of-state providers. To perform her work, Plaintiff used the channels of interstate commerce. Therefore, there is individual coverage.

36. Defendant HOSPICE OF ST. FRANCIS employed Plaintiff Carolina N. Mallon as a non-exempted, full-time, hourly employee from approximately April 15, 2019, to September 17, 2021, or 126 weeks.

37. Plaintiff was hired as a bookkeeper and account payable specialist. Plaintiff had a wage rate of $25.00 an hour.

38. While employed by Defendant, Plaintiff worked many overtime hours that were not compensated adequately. Plaintiff was paid for 40 regular hours and sometimes a few overtime hours, but at her regular rate. The remaining hours were not paid at any rate, not even at the minimum wage rate.

39. Plaintiff had a regular schedule, and she worked as follows

40. 1. From April 15, 2019, to March 31, 2020, or 50 weeks

41. Plaintiff had a regular schedule, and she 5 days per week, a total of 50.5 hours.

42. In addition, twice per month, Plaintiff worked an average of 2 hours on Saturdays. Thus, in this period, Plaintiff worked 25 Saturdays with a total of 50 hours that constitute additional unpaid overtime hours.

43. <u>2. From April 01, 2020, to February 28, 2021, or 48 weeks</u>

44. Plaintiff worked 5 days per week, a total of 60 hours every week.

45. In addition, twice per month, Plaintiff worked an average of 3 hours on Saturdays. Thus, in this period, Plaintiff worked 24 Saturdays with a total of 72 hours that constitute additional unpaid overtime hours.

46. <u>3. From March 01, 2021, to September 17, 2021, or 28 weeks</u>

47. Plaintiff worked 5 days per week, a total of 52.5 hours every week.

48. In addition, twice per month, Plaintiff worked an average of 2 hours on Saturdays. Thus, in this period, Plaintiff worked 14 Saturdays with a total of 28 hours that constitute additional unpaid overtime hours.

49. During all her time of employment with Defendant, Plaintiff was not able to take bonafide lunchtime breaks.

50. Plaintiff always worked more than 40 hours per week, but she was not paid for overtime hours.

51. Plaintiff clocked in and out, and Defendant could track the number of hours worked by Plaintiff and other similarly situated individuals. Plaintiff consistently clocked in and out, and Defendant was in complete control of

Plaintiff's schedule and activities. Defendant's management knew about Plaintiff's number of working hours.

52. Therefore, Defendant willfully failed to pay Plaintiff regular and overtime hours at the rate of time and one-half her regular rate for every hour that they worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

53. Plaintiff was paid bi-weekly by direct deposits, with paystubs that did not show the number of days and hours worked. Plaintiff did not have access to check the number of hours worked weekly.

54. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated, and the compensation paid to such employees should be in the possession and custody of Defendant. However, Defendant did not maintain accurate time records of hours worked by Plaintiff and other employees upon information and belief. Therefore, Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

55. Upon information and belief, Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage

payments. Accordingly, Defendant violated the Posting requirements of 29 USC § 516.4.

56. Plaintiff is not in possession of time records, but she will provide a good faith estimate about her unpaid overtime hours.

*Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.

   a. <u>Total amount of alleged unpaid O/T wages</u>:

   Seventy-Four Thousand Four Hundred Thirty-Seven Dollars and 50/100 ($74,437.50)

   b. <u>Calculation of such wages</u>:

   Total period of employment: 126 weeks
   Relevant weeks of employment:  126 weeks
   Regular rate paid: $25.00 an hour x 1.5=$37.50
   O/T rate: $37.50 an hour

<u>1.- Overtime from April 15, 2019, to March 31, 2020, or 50 weeks</u>

   Relevant weeks of employment:  50 weeks
   Total number of hours worked: 50.5 hours
   Total unpaid O/T hours: 10.5 weekly
   Regular rate paid: $25.00 an hour x 1.5=$37.50
   O/T rate: $37.50 an hour

   i.   O/T rate $37.50 x 10.5 O/T hours=$393.75 weekly x 50 weeks=$19,687.50

   ii.  O/T hours worked 2 hours x 25 Saturdays=50 O/T hours

        $37.50 O/T rate x 50 O/T hours=$1,875.00

<u>2. Overtime from April 01, 2020, to February 28, 2021, or 48 weeks</u>

Relevant weeks of employment:  48 weeks
Total number of hours worked: 60 hours
Total unpaid O/T hours: 20 hours weekly
Regular rate paid: $25.00 an hour x 1.5=$37.50
O/T rate: $37.50 an hour

    i.   O/T rate $37.50 x 20 O/T hours=$750.00 weekly x 48 weeks=$36,000.00

    ii.   O/T hours worked 3 hours x 24 Saturdays= 72 O/T hours

        $37.50 O/T rate x 72 O/T hours=$2,700.00

### 3. Overtime from March 01, 2021, to September 17, 2021, or 28 weeks

Relevant weeks of employment:  28 weeks
Total number of hours worked: 52.5 hours
Total unpaid O/T hours: 12.5 hours weekly
Regular rate paid: $25.00 an hour x 1.5=$37.50
O/T rate: $37.50 an hour

    i.   O/T rate $37.50 x 12.5 O/T hours=$468.75 weekly x 28 weeks=$13,125.00

    ii.   O/T hours worked 2 hours x 14 Saturdays=28 O/T hours

        $37.50 O/T rate x 28 O/T hours=$1,050.00

Total #1, #2, and #3: $74,437.50

   c.  <u>Nature of wages (e.g., overtime or straight time):</u>

This amount represents unpaid overtime wages.

57. At all times, the Employer/Defendant failed to comply with Title 29 USC §207 (a) (1), in that Plaintiff and those similarly situated performed services

and worked more than the maximum hours provided by the Act. Still, Defendant made no provision to properly pay them at the rate of time and one-half for all hours worked over forty hours (40) per workweek as provided in said Act.

58. Defendant knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's employment with Defendant, as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

59. Defendant HOSPICE OF ST. FRANCIS willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one-half her regular rate, as required by the law of the United States, and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant.

60. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorney's fee.

<u>Prayer for Relief</u>

Wherefore, Plaintiff Carolina N. Mallon and those similarly situated respectfully

requests that this Honorable Court:

A. Enter judgment for Plaintiff Carolina N. Mallon and other similarly situated individuals and against the Defendant HOSPICE OF ST. FRANCIS based on Defendant's willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq.; and

B. Award Plaintiff Carolina N. Mallon actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>Demand for a Jury Trial</u>

Plaintiff Carolina N. Mallon demands trial by a jury of all issues triable as of right by a jury.

**COUNT II:**
**FEDERAL STATUTORY VIOLATION: RETALIATORY DISCHARGE;**
**PURSUANT TO 29 USC 215(a)(3)**

61. Plaintiff Carolina N. Mallon re-adopts every factual allegation as stated in paragraphs 1-32 of this complaint as if set out in full herein.

62. Defendant, HOSPICE OF ST. FRANCIS was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r)(1),(2) (A), and 203(s)(1)(A). Defendant is an institution engaged in the care of the sick, aged, who reside in the premises of the institution. Defendant's activities are connected to a public agency. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions by ordering product and supplies produced out of State. Upon information and belief, the annual gross revenue of the Employer/Defendant was always material hereto more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

63. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff was a bookkeeper and account payable specialist engaged directly in paying out-of-state providers. To perform her work, Plaintiff used the channels of interstate commerce. Therefore, there is individual coverage.

64. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

65. 29 USC § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

66. Likewise, 29 USC 215(a)(3) states… it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding..."

67. Defendant HOSPICE OF ST. FRANCIS employed Plaintiff Carolina N. Mallon as a non-exempted, full-time, hourly employee from approximately April 15, 2019, to September 17, 2021, or 126 weeks.

68. Plaintiff was hired as a bookkeeper and account payable specialist. Plaintiff had a wage rate of $25.00 an hour.

69. While employed by Defendant, Plaintiff worked many overtime hours that were not compensated adequately. Plaintiff was paid for 40 regular hours and sometimes a few overtime hours, but at her regular rate. The remaining hours were not paid at any rate, not even at the minimum wage rate.

70. Plaintiff had a regular schedule, and she worked as follows

71. <u>1. From April 15, 2019, to March 31, 2020, or 50 weeks</u>

72. Plaintiff had a regular schedule, and she 5 days per week, a total of 50.5 hours.

73. In addition, twice per month, Plaintiff worked an average of 2 hours on Saturdays. Thus, in this period, Plaintiff worked 25 Saturdays with a total of 50 hours that constitute additional unpaid overtime hours.

74. <u>2. From April 01, 2020, to February 28, 2021, or 48 weeks</u>

75. Plaintiff worked 5 days per week, a total of 60 hours every week.

76. In addition, twice per month, Plaintiff worked an average of 3 hours on Saturdays. Thus, in this period, Plaintiff worked 24 Saturdays with a total of 72 hours that constitute additional unpaid overtime hours.

77. <u>3. From March 01, 2021, to September 17, 2021, or 28 weeks</u>

78. Plaintiff worked 5 days per week, a total of 52.5 hours every week.

79. In addition, twice per month, Plaintiff worked an average of 2 hours on Saturdays. Thus, in this period, Plaintiff worked 14 Saturdays with a total of 28 hours that constitute additional unpaid overtime hours.

80. Plaintiff always worked more than 40 hours per week, but she was not paid for overtime hours.

81. Plaintiff clocked in and out, and Defendant could track the number of hours worked by Plaintiff and other similarly situated individuals.  Defendant was in complete control of Plaintiff's schedule an activities. Defendant's management knew about Plaintiff's number of working hours.

82. Therefore, Defendant willfully failed to pay Plaintiff regular and overtime hours at the rate of time and one-half her regular rate for every hour that they worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

83. Plaintiff was paid bi-weekly by direct deposits, with paystubs that did not show the number of days and hours worked, and Plaintiff did not have access to check the number of hours worked weekly.

84. Plaintiff was not in agreement with the lack of payment for overtime hours, and she complained multiple times to her superiors.

85. On or about August 19, 202, Plaintiff complained about overtime payment to H.R Angie Avilez and also to her manager Amber Welch.  They responded they would look into it.

86. More recently, on or about September 01, 2021, Plaintiff complained again to H.R Angie Avilez and manager Amber Welch. Plaintiff was told that they were trying to fix the problem to avoid the need for overtime hours.

87. These complaints constituted protected activity under the FLSA.

88. However, as a direct result of Plaintiff's complaints about unpaid overtime wages, on or about September 17, Defendant fired Plaintiff, alleging pretextual reasons.

89. At the time of her termination, Plaintiff was performing the essential functions of her position satisfactorily. There was no other reason than retaliation to fire her.

90. There is close proximity between Plaintiff's protected activity and her termination.

91. At the time of her termination, Plaintiff was performing the essential functions of her position satisfactorily. Plaintiff was fired due to retaliatory reasons.

92. There is close proximity between Plaintiff's protected activity and her termination.

93. The motivating factor which caused Plaintiff's discharge as described above was her complaint seeking unpaid overtime wages from Defendant.  In other words, Plaintiff would not have been discharged but for her complaints about unpaid overtime wages.

94. Defendant's termination of Plaintiff was in direct violation of 29 USC 215 (a)(3) and, as a direct result, Plaintiff has been damaged.

95. Plaintiff Carolina N. Mallon has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorneys' fees.

Prayer For Relief

Wherefore, Plaintiff Carolina N. Mallon respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that the Defendant's acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendant HOSPICE OF ST. FRANCIS that Plaintiff Carolina N. Mallon recovers compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 USC § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendant HOSPICE OF ST. FRANCIS to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff Carolina N. Mallon further prays for such additional relief as the interests of justice may require.

<u>Demand for a Jury Trial</u>

Plaintiff Carolina N. Mallon demands trial by a jury of all issues triable as of right by a jury.

Dated:  October 25, 2021

Respectfully submitted,

By:  **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone:   (305) 446-1500
Facsimile:     (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*