**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CAROLINA N. MALLON,**

      **Plaintiff,**

**v.**                                                         **Case No: 6:21-cv-1782-CEM-LHP**

**HOSPICE OF ST. FRANCIS, INC.,**

      **Defendant.**

**REPORT AND RECOMMENDATION**

This cause came before the Court for a Settlement Conference, held on June 16, 2022. (Docs. 20, 21.) Following the Settlement Conference, the parties emailed to the undersigned an executed Settlement Agreement. For the reasons set forth below, I recommend the Court find that the FLSA Settlement Agreement reached by the parties is a fair and reasonable resolution of a *bona fide* dispute over Plaintiff's FLSA claims.

**I.  BACKGROUND**

Plaintiff initiated the instant action against Defendant Hospice of St. Francis, Inc., alleging a claim for unpaid overtime wages in violation of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201–219. (Doc. 1.) Plaintiff alleges that while she was employed by Defendant, she "worked many overtime hours that were not compensated adequately." (*Id.* ¶ 11.)

On March 22, 2022, the parties requested a settlement conference before a United States Magistrate Judge, and the case was thereafter referred to the undersigned

to conduct a settlement conference. (*See* Doc. 18.) On June 16, 2022, the parties and their counsel appeared before the undersigned for a settlement conference. Following the settlement conference, the parties sent a proposed settlement agreement (the "Settlement Agreement" or "Agreement") to the undersigned for approval, which is attached to this Report and Recommendation as Exhibit A.

## II.   STANDARD

"The principal congressional purpose in enacting the Fair Labor Standards Act of 1938 was to protect all covered workers from substandard wages and oppressive working hours, 'labor conditions [that are] detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers.'" *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 739 (1981) (alteration in original) (quoting 29 U.S.C. § 202(a)). "Any employer who violates the provisions of section 206 or section 207 of [the FLSA] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Section 206 establishes the federally mandated minimum hourly wage, and § 207 prescribes overtime compensation of "one and one-half times the regular rate" for each hour worked in excess of forty hours during a given workweek. The provisions of the FLSA are mandatory and "cannot be abridged by contract or otherwise waived." *Barrentine*, 450 U.S. at 740. To permit otherwise would "'nullify the purposes' of the [FLSA] and thwart the legislative policies it was

designed to effectuate." *Id.* (quoting *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945)).

The parties seek judicial review and a determination that their settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. *See Lynn's Food Stores*, 679 F.2d at 1354–55. If a settlement is not supervised by the Department of Labor, the only other route for a compromise of FLSA claims is provided in the context of suits brought directly by employees against their employers under § 216(b) to recover back wages for FLSA violations. *Id.* at 1353. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.*

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

When evaluating an FLSA settlement agreement, the district court considers both whether the settlement is fair and reasonable to the employee, or "internal" factors, and whether the settlement frustrates the purpose of the FLSA, or "external" factors. *Dees v. Hyrdradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010); *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1350–51 (M.D. Fla. 2010). Factors considered "internal" include: "(1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel." *Hamilton v. Frito-Lay, Inc.*, No. 6:05-CV-592-ORL-22JGG, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007). There is a "'strong presumption' in favor of finding a settlement fair." *Id.* (quoting *Cotton v. Hinton*, 559 F.2d 1336, 1331 (5th Cir. 1977)).[1]

## III. DISCUSSION

### A. Settlement Sum

Under 29 U.S.C. § 216(b), an employee damaged by a violation of the FLSA is entitled to unpaid minimum wage and unpaid overtime compensation plus an additional, equal amount, as liquidated damages. 29 U.S.C. § 216(b) ("Any employer who violates the provisions of [the FLSA] shall be liable to the employee . . .

---

[1] *See Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (holding all decisions from the Fifth Circuit handed down prior to October 1, 1981, are binding on the Eleventh Circuit).

affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages.")

According to the Settlement Agreement, Defendant has agreed to pay $4,500.00 to Plaintiff for unpaid overtime compensation and an equal amount in liquidated damages. (Ex. A ¶ 2.) In her amended answers to the Court's Interrogatories, Plaintiff claimed she was entitled to $31,028.57 in unpaid overtime compensation and $10,781.25 in lost wages. (Doc. 17.) Because Plaintiff will receive less than the amounts to which she claimed she was entitled under the FLSA, she has compromised her claims within the meaning of *Lynn's Food*, 679 F.2d at 1354–55.

On review, I find the $9,000.00 Plaintiff has agreed to accept in satisfaction of her FLSA claims to be fair and reasonable. While there is a disparity between the amount that Plaintiff originally claimed and the amount that Plaintiff ultimately agreed to accept to resolve the FLSA Claims, the case involved disputed issues regarding FLSA liability. (*See* Docs. 1, 9.) The parties were zealously represented by counsel, and Defendants plausibly pleaded the existence of various defenses. (Doc. 9.) Considering the foregoing, and the strong presumption favoring settlement, I recommend the Court find that the settlement sum in the FLSA Agreement is fair and reasonable.

### B. Attorney's Fees

According to the parties' representations in the Settlement Agreement, Plaintiff's counsel will receive a total of $6,000.00 for fees and costs for representation of Plaintiff. (Ex. A ¶ 2.) Pursuant to 29 U.S.C. § 216(b), "[t]he court [in an FLSA

action] shall . . . allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." Because the undersigned knows from his participation in the settlement conference that this amount was negotiated separately from the amount received by Plaintiff, and the settlement is otherwise reasonable on its face, further review is not required. (*Id.*); *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) (stating that if the parties "represent[] that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, . . . the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.").

### C. Release

The parties state they have agreed to

> jointly seek from the Court approval of the Settlement Agreement and dismissal of the Lawsuit with Prejudice, which shall include all claims and all counterclaims which were or may have been brought in the Lawsuit or any related state or federal court suit related to Mallon's claims under the FLSA.

(the "FLSA Release") (Ex. A ¶ 5).

General releases in FLSA cases are frequently viewed as "a 'side deal' in which the employer extracts a gratuitous (although usually valueless) release of all claims in exchange for money unconditionally owed to the employee" and therefore, such releases "confer[] an uncompensated, unevaluated, and unfair benefit on the employer." *Moreno*, 729 F. Supp. 2d at 1351–52 (footnote omitted). As such, "[a] compromise of an FLSA claim that contains a pervasive release of unknown claims

fails judicial scrutiny." *Id.* at 1352. Furthermore, releases given to numerous unnamed individuals, collectively referred to as "Releasees," are insufficient where the parties are not identified. *Correa v. House of Glass, Inc.*, No. 6:17-cv-676-Orl-28TBS, 2017 WL 8794847, at *4 (M.D. Fla. Oct. 19, 2017) (recommending rejection of the settlement agreement in part because the release extended to numerous unnamed individuals), *denied as moot by*, 2018 WL 1801207 (denying the R&R as moot due to the parties' subsequent filing of a renewed motion for settlement approval); *Schultz v. Tartini at Rock Springs Ridge, LLC*, No. 6:17-cv-815-Orl-37KRS, 2017 WL 11062615, at *2 (M.D. Fla. Sept. 22, 2017) (ordering the parties to file a renewed motion for settlement agreement approval in part because the motion did not address the breadth of the release given to defendants).

Judges in this District have found releases similar to the one presented here to pass judicial scrutiny because they do not require Plaintiff to release unknown claims that are unrelated to the FLSA claim. *Pond v. Red Lambda, Inc.*, No. 6:19-cv-1975-ORL-37EJK, 2020 WL 4808744, at *4 (M.D. Fla. Aug. 3, 2020), *report and recommendation adopted*, No. 6:19-cv-1975-ORL-37EJK, 2020 WL 4785449 (M.D. Fla. Aug. 18, 2020); *Batchelor v. Gen. Mar. Corp.*, No. 6:15-cv-2082-Orl-41KRS, 2016 WL 4467136, at *1 (M.D. Fla. Aug. 24, 2016) (approving release where it was "limited to wage claims."). Furthermore, the FLSA release relates only to the potential FLSA claims and counterclaims between the instant parties. Therefore, because the release provision releases only Plaintiff's FLSA claims against Defendant and does not seek to release other non-FLSA related claims against unnamed parties, I recommend that the Court

find this release passes judicial scrutiny. *See Moreno*, 729 F. Supp. 2d at 1351–52 (footnote omitted).

## IV. RECOMMENDATION

Upon consideration of the foregoing, I respectfully recommend that the Court:

1. **FIND** that the parties' agreement (Ex. A) is a fair and reasonable resolution of a *bona fide* dispute under the FLSA;
2. **DISMISS** the case with prejudice; and
3. **DIRECT** the Clerk of Court to close the file.

## NOTICE TO PARTIES

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1). **If the parties do not object to this Report and Recommendation, then they may expedite the approval process by filing notices of no objection.**[2]

---

[2] Although the parties filed a joint motion requesting the undersigned be granted authority to approve the settlement reached between the parties, the consent does not serve as a waiver of the objection period. (*See* Doc. 26.)

Recommended in Orlando, Florida on June 27, 2022.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE