UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**CAROLINA N. MALLON,** and other
similarly situated individuals,

       Plaintiff,                             CIVIL ACTION NO.  6:21-cv-1782-CEM-LHP

vs.

**HOSPICE OF ST. FRANCIS, INC.,**

       Defendant.

_____/

## SETTLEMENT AGREEMENT AND RELEASE

       This Settlement Agreement and Release (hereinafter referred to as "Agreement"), is entered into by and between **Carolina N. Mallon**, on behalf of herself, her heirs, executors, administrators, legal representatives and assigns (hereinafter referred to collectively as "Mallon"), and **Hospice of St. Francis, Inc.** and its past and current owners, shareholders, servants, officers, directors, employees, agents, insurers and attorneys (hereinafter collectively referred to as "HOSF").  Throughout this Agreement, Mallon and HOSF shall collectively be referred to as the "Parties."

       WHEREAS, Mallon was formerly employed by HOSF;

       WHEREAS, Mallon has alleged unlawful employment practices in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 210 et seq., against HOSF by filing a lawsuit entitled *Carolina N. Mallon, and other similarly situated individuals v. Hospice of St. Francis, Inc.*, in Case No.: 6:21-cv-1782-CEM-LHP (M.D. Fla) (herein the "Lawsuit");

       WHEREAS, wishing to resolve this matter and avoid the disruption and expense of litigation, on June 16, 2022 the Parties engaged in a settlement conference conducted by the Honorable Magistrate Judge Embry J. Kidd and arrived at terms for the settlement and dismissal of the Lawsuit with prejudice; and,

       WHEREAS, the Parties by this writing finalize those settlement terms;

       NOW THEREFORE, in consideration of the promises and mutual covenants herein contained, the sufficiency of which is hereby acknowledged, the Parties hereto agree as follows:

1. Recitals. The above Recitals are true and correct and are incorporated herein by reference.

2. Payments To Be Made. HOSF, agrees to pay the following:

 A. Four Thousand Five Hundred and No/100 Dollars ($4,500.00) as alleged unpaid wages/overtime, less applicable taxes and withholdings, made payable to "Carolina Mallon." An IRS Form W-2 will be issued to Mallon in connection with this payment;

 B. Four Thousand Five Hundred and No/100 Dollars ($4,500.00) made payable to "Carolina Mallon" representing her alleged liquidated damages. An IRS Form 1099 will be issued to Mallon in connection with this payment; and,

 C. Six Thousand and No/100 Dollars ($6,000.00) as attorney's fees and costs made payable to "Zandro E. Palma, P.A.", the attorneys for Mallon. An IRS Form 1099 will be issued to Mallon and to Zandro E. Palma, P.A., in connection with this payment in accordance with applicable law.

Mallon agrees that prior to any of the foregoing payments being made, she and her counsel, Law Offices of Zandro E. Palma, P.A., shall each submit to counsel for HOSF a completed IRS Form W-9. Mallon further agrees that based on information exchanged between the Parties and the Parties' negotiations, there is no further dispute as to the computation of overtime wages or other damages owed as alleged in the Lawsuit, and that other than the above monies no other payments are due and owing to Mallon by HOSF.

3. Allocation and Indemnification. Mallon acknowledges and agrees that she is responsible for the payment of any and all federal, state and/or local taxes imposed on her by any revenue agency that is or may be owed taxes or other withholdings with respect to the monies paid to her or paid on her behalf hereunder, other than those paid in accordance with the back wages paid to Mallon. Mallon agrees to indemnify and hold HOSF harmless from any claims, demands, deficiencies, levies, assessments, executions, judgments or recoveries by any governmental authority asserted against HOSF because of Mallon's failure to pay taxes or other withholdings. Mallon further agrees to hold HOSF harmless as to costs, expenses or damages sustained by Mallon as taxes, attorneys' fees, deficiencies, levies, assessments, fines, penalties, interest or otherwise, as a result of her failure to pay such taxes or other withholdings. Mallon represents that she is not relying in any way upon HOSF in this regard.

4. No Admission of Liability. This Agreement does not constitute and shall not be construed as an admission by any party of liability or wrongdoing or any violation of law and, to the contrary, any such interpretation is specifically denied. Mallon specifically acknowledges that, in entering into this Agreement and paying the consideration for this Agreement, HOSF does not admit, and expressly denies, liability of any kind to Mallon, and expressly asserted at all times that Mallon's alleged claims are without merit. The Parties acknowledge that the settlement is being entered into to avoid the cost and expense of litigation.

5. Dismissal of Lawsuit. Concurrent with the execution of this Agreement, Mallon and HOSF, through their counsel, agree to jointly seek from the Court approval of the Settlement Agreement and dismissal of the Lawsuit with Prejudice, which shall include all claims and all counterclaims which were or may have been brought in the Lawsuit or any related state or federal court suit related to Mallon's claims under the FLSA.

6. Prior Payments for Hours Worked. Mallon represents that she has now been paid in full for all hours worked while employed with HOSF, including any alleged overtime hours worked while in any non-exempt job position.

7. Coverage of Release and Future Damages. Mallon understands and expressly agrees that she waives the right to receive any further compensation or damages other than that set forth herein if she or any third party brings any action against HOSF, or any one of them, on behalf of Mallon for the FLSA claims released under this Agreement. Nothing contained in this Agreement shall prevent any party from filing a lawsuit for the purpose of enforcing their rights under this Agreement.

8. Attorney Fees and Costs. Except as otherwise set forth herein, each party shall be responsible for payment of their own attorneys' fees and costs.

9. Authority. Mallon represents and warrants that she is authorized to enter into this Agreement, and that she has the authority to perform the terms of this Agreement. Mallon represents and warrants that she has not sold, assigned, transferred, conveyed or otherwise disposed of all or any portion of any released claim.

10. Severability. If any provision of this Agreement or the application thereof to any party or circumstances shall be determined to be invalid or unenforceable to any extent, the remainder of this Agreement and the application of such provisions to any other party or

circumstances shall not be affected thereby and shall be enforced to the greatest extent permitted by law and to that extent the Agreement is severable.

11. <u>Governing Law and Venue</u>. This Agreement shall be construed and governed in accordance with the laws of the State of Florida (without regard to its choice of law provisions) and subject to the exclusive jurisdiction of the Florida federal and state courts. Venue shall lie exclusively in the federal and state courts of Orange County, Florida.

12. <u>Counterparts</u>. This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument. A fully executed copy of this Agreement in PDF or other similar format shall be of the same force and effect as an original. This Agreement may also be signed electronically, and the Parties agree that an electronic signature shall have the same force and effect as a handwritten signature with respect to validity, enforceability and admissibility.

13. <u>Representations</u>. Except as expressly provided herein, the Parties represent and warrant that in executing this Agreement, they do not rely upon and have not relied upon any oral or written representation, promise, warranty or understanding made by any of the Parties or their representatives with regard to the subject matter, basis or effect of this Agreement.

14. <u>Drafting of Agreement</u>. The Parties acknowledge that each party has participated in the drafting of this Agreement. No ambiguity shall be construed against any party based upon a claim that the party drafted the ambiguous language.

15. <u>No Change to Agreement</u>. The Parties acknowledge and assume the risk that additional or different facts which they believe to exist, may now exist, or may be discovered after this Agreement has been entered into. The Parties agree that any such additional, different or contrary facts shall in no way limit, waive, affect or alter this Agreement.

16. <u>Opportunity to Consider and Confer</u>. Mallon expressly warrants and represents: that before executing this Agreement, Mallon fully informed herself of the terms, contents, conditions and effects hereof; that in making the settlement represented by this Agreement, Mallon had the benefit of the advice of counsel of her own choosing at her own expense, and that her counsel explained to Mallon all of her options in connection with this Agreement; that no promise or representation of any kind has been made to Mallon regarding the settlement of her alleged FLSA claims, except as is expressly stated in this Agreement; that Mallon fully understands and is in complete agreement with all terms of this Agreement; and, that Mallon is entering into this

Doc ID: 19897b24dbcf0ba5d4b7b0f70fbcd05db290d1e7

DocuSign Envelope ID: C1758708-1297-4084-9A4A-77D3E68CD576

Agreement of her own free will. Mallon further expressly warrants and represents that she has relied solely and completely on her own judgment and the advice of her counsel in making the settlement represented by this Agreement.

17. <u>Court Approval and Payment</u>. Should the Court specifically not approve the proposed settlement of this Lawsuit, this Agreement shall be null and void and no payment set forth herein shall be required. If the Court approves the proposed settlement of this Lawsuit, HOSF to make payment of the monies as set out in Paragraph 2 above, within seven (7) business days of the Court's approval of the settlement in this matter.

18. <u>Understanding of Agreement</u>. This Agreement is freely and voluntarily entered into by the Parties. The Parties acknowledge that they have read this Agreement in its entirety and that they understand the words, terms, conditions and legal significance of this Agreement.

Date: 06 / 23 / 2022

*Carolina Mallon*
Carolina N. Mallon

Date: 6/24/2022

HOSPICE OF ST. FRANCIS, INC.,

*Joseph Killian*
C00E96CF79564A8...
Joseph Killian, CEO

#47682232 v2

5

Doc ID: 19897b24dbcf0ba5d4b7b0f70fbcd05db290d1e7